Donald W. LEWIS, Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE, Defendant-Appellee.

No. 86–3626.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 19, 1987 *.

Decided July 30, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donald W. Lewis, Healy, Alaska, for plaintiff-appellant.

Michael L. Paup, Washington, D.C., for defendant-appellee.

Before CHOY, FARRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant (Lewis) appeals the district court's order granting summary judgment for the defendant-appellee (IRS). Lewis brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Lewis sought an order directing the IRS to produce for his inspection and copying certain documents related to a criminal investigation of his failure to file tax returns for the years 1981 through 1983. In the alternative, Lewis sought an order directing the IRS to provide him an index of any withheld documents. The district court granted the IRS's motion for summary judgment. The district court had jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). Lewis' appeal was timely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

In July and August of 1984, Lewis mailed to the District Director of the IRS in Anchorage, Alaska two requests for copies of various documents related to an ongoing criminal investigation of Lewis for violations of 26 U.S.C. § 7203 (willful failure to file a tax return) for the years 1981, 1982, and 1983.[1] The IRS sent Lewis copies of most of the requested documents but withheld approximately 700 pages, explaining to Lewis that because those pages were relevant to an ongoing criminal investigation they were considered exempt from disclosure under two provisions of FOIA.[2]

Lewis wrote to the Commissioner of the IRS appealing the partial denial of his requests. The Commissioner did not respond, and Lewis then filed this action against the IRS alleging improper withholding of the requested documents. Additionally, Lewis moved for an index of the withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).[3] The district court granted summary judgment for the IRS, finding that under two of the exemptions to FOIA's disclosure provisions Lewis was not entitled to see the withheld documents or to a *Vaughn* index. Lewis appeals only the determination that he is not entitled to a *Vaughn* index.

### II.

We use a two-step analysis to review FOIA claims. *Dirksen v. United States Dep't of Health & Human Serv.*, 803 F.2d 1456, 1458 (9th Cir.1986). First, we determine whether the district court had an ade-

1. The relevant portion of Lewis' first letter requested "copies of any and all documents, inter-office memos, papers, or reports which bear [his] name, and are *relative to the criminal investigation* which the I.R.S. has commenced concerning [him]." (Emphasis added.) The relevant portion of Lewis' second letter requested all documents which related to him and were "maintained in [the IRS's] system of records known as 'Controlled Accounts, open and closed, *Criminal Investigation* Division.'" (Emphasis added.)

2. 5 U.S.C. §§ 552(b)(3)(B) (Exemption 3) and 552(b)(7)(A) (Exemption 7(A)). Exemption 3 authorizes the nondisclosure of any documents which are "specifically exempted from disclosure by statute ... provided that such statute

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 29 U.S.C. § 552(b)(3). *See generally Julian v. United States Dep't of Justice*, 806 F.2d 1411 (9th Cir. 1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 3209, 96 L.Ed.2d 695 (1987). Exemption 7(A) is discussed in Part IV. *infra.*

3. A *Vaughn* index is a system of itemizing and indexing that correlates each of the government's justifications for its refusal to disclose the documents with the actual portions of the documents at issue. *See* 484 F.2d at 827; *see generally Stephenson v. IRS*, 629 F.2d 1140, 1145–46 (5th Cir.1980).

quate factual basis on which to make its decision. *Id.* If the district court had such an adequate basis, we review the district court's finding that the documents were exempt for clear error. *Id.; see Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 742–43 (9th Cir.1979) (*Scientology* ).

### III.

Lewis contends that the district court did not have an adequate factual basis on which to decide whether the requested documents were properly withheld. He argues that the district court therefore should have conducted an in camera inspection of the documents rather than rely on affidavits presented by the IRS. We disagree.

 While the IRS has the burden of establishing that the requested documents are exempt from disclosure, 5 U.S.C. § 552(a)(4)(B); *Scientology,* 611 F.2d at 742, the IRS "need not specify its objections [to disclosure] in such detail as to compromise the secrecy of the information." *Scientology,* 611 F.2d at 742. To meet its burden, the IRS may rely on affidavits submitted by its agents. If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, "the district court need look no further." *Id.; Harvey's Wagon Wheel, Inc. v. NLRB,* 550 F.2d 1139, 1141–42 (9th Cir.1976); *see Campbell v. Department of Health & Human Serv.,* 682 F.2d 256, 259, 265 (D.C.Cir. 1982).[4]

 But if the affidavits are "too generalized," the district court may, *in its discretion,* examine the disputed documents in camera in order to make "a first-hand determination of their exempt status." *Scientology,* 611 F.2d at 742 (citing 5 U.S.C. § 552(a)(4)(B)). In camera inspection, however, is "not a substitute for the government's burden of proof, and should not be resorted to lightly." *Id.* Moreover, since the exemptions to FOIA are intended "to relieve the district courts of potentially onerous in camera inspections of documents," *MacPherson v. IRS,* 803 F.2d 479, 482 (9th Cir.1986) (emphasis deleted), district courts need not and should not make in camera inspections where the government has sustained its burden of proof on the claimed exemption by public testimony or affidavits. *See Pollard v. FBI,* 705 F.2d 1151, 1153–54 (9th Cir.1983) (government testimony and detailed affidavits are the "preferred alternative" to in camera review).

 The affidavits submitted in this case described in sufficient detail the undisclosed materials. In addition, they adequately addressed why disclosure would impair the IRS's investigation of Lewis for criminal tax violations. It is undisputed that release of the requested 700 pages of the documents would reveal, among other things, the limits and scope of the IRS's case against Lewis, the names of third parties whom the IRS had contacted as well as the names of actual and potential witnesses. Furthermore, disclosure might enable Lewis to tamper with evidence which the IRS might subsequently request.[5] As we noted above, Lewis himself

---

**4.** "Before the court orders *in camera* inspection, the Government should be given the opportunity to establish by means of testimony or detailed affidavits that the documents are clearly exempt from disclosure. The burden remains on the Government under this law." S.Rep. No. 1200, 93d Cong., 2d Sess. 9, *reprinted in* 1974 U.S.Code Cong. & Ad.News 6267, 6287–88.

**5.** According to one of the affidavits:
Disclosure of the documents ... would interfere with the current Service investigation of the plaintiff by prematurely revealing the evidence developed against the plaintiff; the reliance placed by the government on that

evidence; the names of witnesses and potential witnesses; the scope and limits of the investigation; the identities of third parties contacted; the specific transactions being investigated; the strengths and weaknesses of the government's case; and potential impeachment material. In addition, disclosure could aid plaintiff in tampering with potential evidence and witnesses, or otherwise frustrating the government's ability to present its best case in court.
Lewis does not rebut this statement nor does he point to any bad faith on the part of the affiant.

specifically requested materials which relate to the ongoing criminal investigation.[6]

The district court therefore had an adequate factual basis to make its decision that the documents were exempt from disclosure. *Cf. Harvey's Wagon Wheel*, 550 F.2d at 1142. Moreover, even if the affidavits could have been more detailed, the district court did not abuse its discretion in declining to review the 700 pages in camera. Given Lewis' specific request for documents related to an ongoing criminal investigation, no in camera inspection of the documents was necessary. *See Scientology*, 611 F.2d at 742; *see also Doyle v. FBI*, 722 F.2d 554, 556–57 (9th Cir.1983) (review of the documents may not be necessary if the affidavits were specific, their contents were not contradicted elsewhere in the record, and there was no suggestion of bad faith on the part of the affiant); *Campbell*, 682 F.2d at 265 (same). Nor should the district court have asked for more detailed affidavits. *See Pollard v. FBI*, 705 F.2d 1151, 1153–54 (9th Cir.1983) (suggesting that, if necessary, district courts should ask for more detailed public affidavits before resorting to in camera review); *Ollestad v. Kelley*, 573 F.2d 1109, 1110 (9th Cir.1978) (same).

### IV.

Assuming that the district court had an adequate factual basis, Lewis contends that the district court's conclusion that the 700 pages which the IRS withheld were exempt from disclosure and that Lewis was therefore not entitled to a *Vaughn* index is clearly erroneous. The district court found that the documents which Lewis sought fell within two exemptions to FOIA, 5 U.S.C. §§ 552(b)(3)(B) (Exemption 3) and 552(b)(7)(A) (Exemption 7(A)). The district court therefore denied Lewis' request for disclosure and for a *Vaughn* index. We find no clear error in the district court's ruling that Exemption 7(A) applies. Therefore, we affirm the judgment of the district court denying Lewis a *Vaughn* index.

6. *See* note 1 *supra.*

7. *See* note 1 *supra.*

The applicable portion of Exemption 7(A) exempts from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... interfere with enforcement proceedings." 29 U.S.C. § 552(b)(7)(A). In order to sustain its burden of proof, the IRS must establish that it is a law enforcement agency, that the withheld documents were investigatory records compiled for law enforcement purposes, and that disclosure of those documents would interfere with pending enforcement proceedings. *See FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982); *Scientology*, 611 F.2d at 748 (discussing standards applicable to Exemption 7(D), section 552(b)(7)(D)); *Barney v. IRS*, 618 F.2d 1268, 1272–73 (8th Cir.1980) (per curiam) (applying Exemption 7(A)).

The IRS has the requisite law enforcement mandate and the affidavits presented in this case establish a rational nexus between enforcement of a federal law and the documents for which the exemption is claimed. *Cf. Binion v. United States Dep't of Justice*, 695 F.2d 1189, 1194 (9th Cir.1983) (discussing the applicability of these standards to the FBI); *Scientology*, 611 F.2d at 748 (setting forth standards). Moreover, the affidavits of the IRS agents stated that the IRS generated the withheld pages of the documents during the course of an ongoing criminal tax investigation of Lewis, demonstrating that the IRS "had a purpose falling within its sphere of enforcement authority in compiling the particular document[s]." *Scientology*, 611 F.2d at 748. Lewis does not dispute these contentions; in fact, his letters specifically request information related to the pending *criminal* investigation which he knew the IRS was conducting.[7] The affidavits also adequately reveal that release of the documents is likely to interfere with that criminal investigation.[8] *Cf. Barney*, 618 F.2d at 1273 (affidavits adequately demonstrated that release of the doc-

8. *See* note 5 *supra.*

uments would interfere with the IRS's law enforcement proceedings; desire to obtain information regarding the criminal investigation was the "very nature of the plaintiffs' request" for the documents' release; Exemption 7(A) satisfied and no *Vaughn* index required).

Because the affidavits demonstrate that the IRS's purpose in withholding the documents fell within the sphere of its law enforcement authority and that their release could interfere with their enforcement procedures, withholding of the documents under Exemption 7(A) was proper. The district court, reviewing the question de novo, agreed with the IRS that Exemption 7(A) applied, that the IRS has demonstrated that the documents relate to an ongoing criminal investigation, and that their premature release "would jeopardize ... future enforcement proceedings." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 235, 98 S.Ct. 2311, 2323, 57 L.Ed.2d 159 (1978). We agree with the reasoning of the Eight Circuit in a case nearly "on all fours": "Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would *actually interfere* with a particular enforcement proceeding." *Barney*, 618 F.2d at 1273 (emphasis added). The IRS need only make a general showing that disclosure of its investigatory records would interfere with its enforcement proceedings. *Robbins Tire & Rubber Co.*, 437 U.S. at 224–25, 234–37, 98 S.Ct. 2323–24. Congress intended that Exemption 7(A) would allow "the federal courts [to] determine[ ] that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceed-

ings.'" *Id.* at 236, 98 S.Ct. at 2324. The district court properly recognized that the IRS had done so in this case.

 Finally, we note that the purpose of a *Vaughn* index is to aid a district court in its ruling on claimed exemptions to FOIA. *Vaughn*, 484 F.2d at 827. When, as is the case here, a claimed FOIA exemption is based on a general exclusion, such as Exemption 7(A)'s criminal investigation exclusion, which is dependent on the category of the requested records rather than the individual subject matters contained within each document, a *Vaughn* index is futile. *Church of Scientology v. IRS*, 792 F.2d 146, 152 (D.C.Cir.1986) (Scalia, J.); *see Campbell*, 682 F.2d at 265 (government is required to provide affidavits but not *Vaughn* index to establish applicability of Exemption 7(A)). Moreover, a *Vaughn* index of the documents here would defeat the purpose of Exemption 7(A). It would aid Lewis in discovering the exact nature of the documents supporting the government's case against him earlier than he otherwise would or should. "FOIA was *not* intended to function as a private discovery tool, ... [and] we cannot see how FOIA's purposes would be defeated by deferring disclosure until after the Government has 'presented its case in court.'" *Robbins Tire & Rubber Co.*, 437 U.S. at 242, 98 S.Ct. at 2327 (emphasis in original).

AFFIRMED.[9]

---

**9.** The IRS maintains that the withheld documents were also exempt under Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7). *Cf. Long v. United States IRS*, 742 F.2d 1173, 1177, 1179 & n. 13 (9th Cir.1984) (26 U.S.C. § 6103(b)(2) qualifies as an exemption statute under Exemption 3). Section 6103(e)(7) conditions the disclosure of the return information permitted to be disclosed by section 6103(e) on the Secretary of the Treasury's determination "that such disclosure would not seriously impair

Federal tax administration." Because we hold that Exemption 7(A) applies, we do not reach the issue of whether section 6103(e)(7) also satisfies the requirements of Exemption 3. *See Barney v. IRS*, 618 F.2d 1268, 1274 n. 15 (8th Cir.1980) (per curiam); *cf. Currie v. IRS*, 704 F.2d 523, 531–32 (11th Cir.1983) (section 6103(e)(7) satisfies Exemption 3's requirements); *Chamberlain v. Kurtz*, 589 F.2d 827, 838–39 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) (same).