**Robert KAMMAN, Plaintiff–Appellant,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 93–16600.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 1995 *.

Decided June 7, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Robert Kamman, Phoenix, AZ, pro se, for plaintiff-appellant.

Gary R. Allen, Tax Division, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: SNEED and O'SCANNLAIN, Circuit Judges; MERHIGE,** District Judge.

O'SCANNLAIN, Circuit Judge:

We must decide whether the Internal Revenue Service has demonstrated that certain appraisal documents in its possession are "return information," and thus exempt from disclosure under the Freedom of Information Act.

I

In 1986, in conjunction with a collection action against a taxpayer, the Internal Revenue Service ("IRS") seized Indian jewelry and other objects. After the taxpayer pleaded guilty to tax fraud in 1991, the jewelry was scheduled to be sold at a public auction. An appraisal was commissioned by the IRS to evaluate the Indian jewelry prior to the auction. Robert Kamman requested from the IRS "[a]ll appraisals, purchased by IRS using government funds, relating to the description and/or valuation of Indian jewelry and other items sold at auction on June 22,

** The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1991, at the Arizona State Fairgrounds, through a contract with Auctions Unlimited. IRS Seizure No. 8601–11–0–0565B."

 After being rebuffed by the IRS, Kamman brought suit in district court under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The IRS claimed that the appraisals are exempt from disclosure under the FOIA because they are "return information" within the meaning of section 6103 of the Internal Revenue Code. On cross-motions for summary judgment, the district court granted summary judgment for the IRS. The district court's finding that the documents are exempt from mandatory disclosure is reviewed for clear error. *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir.1987).

## II

 The FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a). An agency may withhold a requested document only if it falls within one of nine statutory exemptions to the disclosure requirement. 5 U.S.C. § 552(b). *See Dobronski v. FCC*, 17 F.3d 275, 277 (9th Cir.1994). These exemptions are to be narrowly construed by the courts. *Church of Scientology of Cal. v. U.S. Dep't. of the Army*, 611 F.2d 738, 742 (9th Cir.1979). The burden is on the government to prove that a particular document falls within one of the exemptions. *Willamette Indus. v. United States*, 689 F.2d 865, 868 (9th Cir.1982), *cert. denied*, 460 U.S. 1052, 103 S.Ct. 1500, 75 L.Ed.2d 931 (1983). Affidavits of agency employees may be used to satisfy this burden. *Lewis*, 823 F.2d at 378. However, the government "may not rely upon conclusory and generalized allegations of exemptions." *Church of Scientology*, 611 F.2d at 742. The affidavits must contain "reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption." *Lewis*, 823 F.2d at 378.

Exemption 3 of the FOIA provides that information may be withheld if a statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3). Section 6103 of the Internal Revenue Code, which prohibits the disclosure of "any return or return information," qualifies as such a statute.[1] *Church of Scientology of Cal. v. IRS*, 484 U.S. 9, 11–12, 108 S.Ct. 271, 272–73, 98 L.Ed.2d 228 (1987). The IRS continues to claim that the appraisals are "return information" within the meaning of section 6103 and thus are exempt from disclosure under Exemption 3 of the FOIA.

Section 6103(b)(2) defines "return information" as:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2)(A).

The IRS submitted the affidavits of two IRS employees to establish that the appraisals are "return information." The affidavit of Jamie Grobman, an attorney with the IRS Office of Chief Counsel (Disclosure Litigation), states that she reviewed the file concerning Kamman's FOIA request and a copy of the cover of the file that contains the requested documents. Grobman states that the file cover is labelled with the name of a taxpayer other than Kamman. Finally, Grobman states that Kamman "provided no information to the Service indicating that one or more of the statutory exceptions to the

---

1. Section 6103(a) provides in pertinent part: "[N]o officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. § 6103(a).

general rule of confidentiality of return information" applied.

The affidavit of William D. Bronson, a Revenue Officer in the Collection Division, states that he reviewed the sale and seizure file that contains the requested documents, and that the file pertains to a collection action taken by the IRS against a taxpayer other than Kamman. Bronson also states that "[t]o the extent that appraisal records exist ... they are data received by, collected by, or furnished to the Service in connection with the Service's collection efforts regarding a [third party] taxpayer's outstanding tax liability."

■ These affidavits are not sufficient to meet the government's burden of proving that the appraisals fall within Exemption 3 of the FOIA. First, Grobman's affidavit reveals that she did not even review the actual documents at issue. Grobman merely states that the documents are in a file that is marked with the name of a taxpayer other than Kamman. This is not the "reasonably detailed description[ ] of the documents" that is necessary to sustain the government's burden. *Lewis,* 823 F.2d at 378. Moreover, Grobman misstates the burden of proof in FOIA cases. The burden is on *the government* to demonstrate that an exemption to the FOIA applies and, thus, that the documents are not subject to disclosure. *Willamette Indus.,* 689 F.2d at 868.

Second, although Bronson's affidavit does indicate that he personally reviewed the documents, nothing in his affidavit establishes that the appraisals fall within the definition of "return information." Bronson's conclusory assertion that the appraisals are "return information" because they were "received by, collected by, or furnished to the Service in connection with the Service's collection efforts regarding a [third party] taxpayer's outstanding tax liability" glosses over important language in section 6103. Section 6103 provides in full that "return information" includes data received by, collected by or furnished to the IRS *"with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof)."* 26 U.S.C. § 6103(b)(2)(A) (emphasis added).

In the instant case, the IRS does not assert any facts indicating that the appraisals were furnished to the IRS "with respect to a return." Nor are there any facts indicating that the appraisals were furnished to the IRS "with respect to the determination of the existence ... of liability." Rather, the appraisals apparently were performed long after the property was seized by the IRS and after the third-party taxpayer had pleaded guilty to tax fraud charges. Thus, the taxpayer's liability (or amount thereof) had already been determined. The appraisals were presumably commissioned in order to assist the IRS in determining what a fair price for the Indian jewelry might be at the auction—an action unrelated to the taxpayer's return or liability. The IRS, at least, has failed to allege any facts that would lead us to believe otherwise. We do not rest our decision on assumptions about the purposes or nature of the appraisals; rather, we stress that it is the government that must "allege facts sufficient to establish an exemption." *Lewis,* 823 F.2d at 378.

The nondisclosure of "return information" serves important public policies, and the term has accordingly been interpreted broadly. 13 Merten's Law of Federal Income Tax § 47.117, at 311 (1994). However, because the affidavits submitted by the IRS in this case are nothing more than "conclusory and generalized allegations," *Church of Scientology,* 611 F.2d at 742, they do not suffice to meet the government's burden of demonstrating that the appraisals fall under Exemption 3 of the FOIA. Consequently, we hold that the district court's finding that the appraisals are exempt from disclosure is clearly erroneous. Summary judgment for the IRS was inappropriate; because the government failed to meet its burden, judgment should be entered for the plaintiff.

REVERSED and REMANDED with instructions to enter judgment for plaintiff.