60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James D. HARPER, Jr. Plaintiff-Appellant,
v.
DEPARTMENT OF DEFENSE; United States Army; Department of
Justice; Assistant Secretary of Defense, Public
Affairs, Washington, D.C. Defendants-Appellees.
 No. 93-35876.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided July 3, 1995.
 
 1
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 * We reject defendants' argument that no Vaughn index was required. We did not require a Vaughn index in Lewis v. IRS, 823 F.2d 375, 379-80 (9th Cir. 1987), because the plaintiff sought only documents that were categorically exempt from disclosure. See Wiener v. FBI, 943 F.2d 972, 978 n.5 (9th Cir. 1991). No categorical exemption was present here. We also reject defendants' contention that no index was required because this case involves only one statutory exemption -- Harper challenged the adequacy of agency affidavits offered in support of both the Sec. 552(b)(1) exemption and the Sec. 522(b)(3) exemption. Defendants are correct, however, that no formal Vaughn index was required if sufficiently detailed affidavits were submitted in support of the claimed exemptions; the question is not whether a Vaughn index was required, but whether the affidavits adequately served the purpose of such an index. Id. at 978.
 
 
 4
 The district court did not clearly err in concluding that the "Intelligence" section of the Harper Damage Assessment was exempt from disclosure under 5 U.S.C. Sec. 552(b)(1). The Berbrich declaration provided enough information to allow Harper a reasonable opportunity to contest the propriety of classification and supplied an adequate factual basis for the district court's decision. See id. at 979. The declaration was tailored to the specific paragraphs withheld, identified the types of information contained in those paragraphs that would expose military technology and intelligence sources and methods, and described with specificity the injury to national security that would result from disclosure of the information. See id. at 981 & n.14.
 
 
 5
 The district court's decision that the redacted portions of the Hoffman Report were exempt from disclosure was not clearly erroneous. The Schneider declaration fulfilled the purposes of a Vaughn index by listing several types of exempt information along with the page numbers of deletions falling into each category. The declaration was tailored specifically to the Hoffman Report and identified the harm that would arise if the information were released. See id. at 981. Given the technical nature of the report, it is not surprising that many of the deletions contain similar types of information; provision of further details about each particular withholding would not have assisted Harper in challenging the withholding.
 
 
 6
 The district court erred, however, in granting summary judgment to defendants with respect to the portions deleted from the three groups of documents reviewed by Strategic Defense Command. The Schumacher and Haynes declarations provided an inadequate factual basis for the district court's decision, because they "provide[d] no information about particular documents and portions of documents that might be useful in contesting nondisclosure." Id. at 979. The declarations made no reference to individual documents and offered only categorical descriptions of the redacted information and the harms likely to result from disclosure; in effect, the declarations asserted that each claimed exemption was (or could be) applicable to each deletion, and that each deleted item contained (or could contain) all of the categories of material mentioned in the declarations. Such conclusory, possibly-applicable reasons for withholding were squarely rejected in Wiener. See id.; see also Rosenfeld v. United States Dep't of Justice, No. 91-16538, slip op. 6787, 6795 (9th Cir. Jun 12, 1995).
 
 
 7
 The record is insufficient to support the district court's conclusion that the entire Fletcher Report was exempt from disclosure. The Pierce declaration failed even to identify the statutory exemption claimed and offered no description of the withheld material or the reasons for believing disclosure would be detrimental to the interests protected by any of the statutory exemptions. See Wiener, 943 F.2d at 977. Reversal is also required because the district court permitted the withholding of the entire report without making the necessary findings regarding whether it would be reasonable to segregate the non-exempt portions of the report for release to Harper. See 5 U.S.C. Sec. 552(b); Wiener, 943 F.2d at 988 (quoting Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 744 (9th Cir. 1980)).
 
 
 8
 We therefore remand "to permit the government to submit affidavits containing sufficient detail to allow [Harper] 'to intelligently advocate release of [the Fletcher Report and the withheld portions of the SDC documents]' and the district court 'to intelligently judge the contest."' Wiener v. FBI, 951 F.2d 1073, 1073 (9th Cir. 1991) (order denying petition for rehearing) (quoting Wiener, 943 F.2d at 979).[1]
 
 II
 
 9
 Assuming that a prisoner is entitled to a public interest fee waiver under 5 U.S.C. Sec. 552(a)(4)(A)(iii) when he presents some evidence that his Freedom of Information Act request is likely to lead to the disclosure of potentially exculpatory information, see Johnson v. United States Dep't of Justice, 758 F. Supp. 2, 3-4 (D.D.C. 1991), Harper's request was not limited to potentially exculpatory material, and he presented no evidence that the documents he requested from Strategic Defense Command might contain such material. Harper sought only technical reports which neither mentioned his name nor contained personal information about him. Harper's conclusory assertion that the requested documents could contain exculpatory material was insufficient to support a waiver of fees. See McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987).
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party shall bear its own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the Pierce declaration was inadequate to permit the district court to rule on the claimed exemption, we do not reach Harper's argument that the entire Fletcher Report should be released because of an alleged prior disclosure