106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. O'HARVEY, Plaintiff-Appellant,
v.
OFFICE OF WORKERS' COMPENSATION PROGRAMS; U.S. Department
of Labor; Robert Reich, Secretary of Labor, U.S.
Department of Labor, Defendants-Appellees.
 No. 96-35015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert O'Harvey appeals pro se the district court's grant of summary judgment in favor of the United States Department of Labor, the Office of Workers' Compensation Programs and Robert Reich (collectively, "Department") in his action alleging violations of the Freedom of Information Act ("FOIA") and violations of his due process rights in connection with the termination of his workers' compensation benefits under the Federal Employees Compensation Act. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for further proceedings.
 
 A. Freedom of Information Act
 
 3
 We ordinarily review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). In this circuit, however, we apply a different standard of review in FOIA cases. See Painting Indus. of Hawaii Market Recovery Fund v. United States Dep't of the Air Force, 26 F.3d 1479, 1482 (9th Cir.1994). We first determine whether the district court had an adequate factual basis for its decision. See Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 742 (9th Cir.1979). If an adequate factual basis exists, we review de novo the district court's conclusion that the requested documents are exempt from disclosure. See Minier v. CIA, 88 F.3d 796, 800 (9th Cir.1996); Schiffer v. FBI, 78 F.3d 1405, 1409 (9th Cir.1996).
 
 
 4
 Under FOIA, the agency resisting disclosure of requested information has the burden of proving the applicability of an exemption set forth in 5 U.S.C. § 552(b). See Oregon Natural Desert Ass'n v. Bibles, 83 F.3d 1168, 1170 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3370 (U.S. Nov. 5, 1996) (No. 96-713). The agency may meet its burden by submitting affidavits containing reasonably detailed descriptions of the documents and alleging facts sufficient to establish an exemption, or oral testimony. See Lewis v. IRS, 823 F.2d 375, 378 (9th Cir.1987); Church of Scientology, 611 F.2d at 742.
 
 
 5
 In this case, the Department failed to submit an affidavit or offer any oral testimony.[1] Instead, the Department simply included a copy of the Department's letter to O'Harvey denying his FOIA request with its motion for summary judgment. Without an affidavit or oral testimony, the district court lacked a factual basis to make its decision that the documents requested by O'Harvey were exempt from disclosure. See Kamman v. IRS, 56 F.3d 46, 48-49 (9th Cir.1995); Church of Scientology, 611 F.2d at 742. We therefore vacate the district court's grant of summary judgment to the Department on O'Harvey's FOIA claim and remand for further proceedings.
 
 B. Due Process
 
 6
 O'Harvey next contends that his procedural and substantive due process rights were violated in connection with the termination of his compensation benefits. He specifically argues that the Department's Office of Workers' Compensation Programs ("OWCP") failed to provide him with notice and an opportunity to respond prior to terminating his compensation benefits; that a hearing representative for the Department's Branch of Hearings and Review ("BHR") inappropriately denied his request for subpoenas[2]; and that the BHR failed to advise him whether his former employer had submitted any comments or evidence prior to conducting its written review of the OWCP's decision to terminate his compensation benefits. The district court declined to exercise jurisdiction over O'Harvey's due process claim on the ground that O'Harvey had not exhausted his administrative remedies under the Federal Employees Compensation Act ("FECA").
 
 
 7
 FECA does not require exhaustion of administrative remedies as a prerequisite to a district court's jurisdiction. See Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir.1985). However, exhaustion of remedies may be required in matters arising under FECA and the district court's decision to require exhaustion is reviewed only for an abuse of discretion. Id.
 
 
 8
 The district court did not abuse its discretion in requiring O'Harvey to exhaust his administrative remedies. As noted by the district court, O'Harvey has asked the OWCP to reconsider its decision to terminate his compensation benefits. If the OWCP reconsiders its decision and reverses itself, O'Harvey's request for subpoenas will be moot. Moreover, O'Harvey can appeal an adverse decision of the OWCP on reconsideration to the Employees' Compensation Appeals Board. See 20 C.F.R. § 501.2(c). Accordingly, the district court reasonably declined to exercise its jurisdiction on the ground that the administrative process was ongoing and judicial review would be premature. See Rodrigues, 769 F.2d at 1349. However, we vacate the portion of the district court's judgment dismissing O'Harvey's due process claim with prejudice and remand with instructions to enter judgment dismissing the claim without prejudice.
 
 
 9
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Department did submit the affidavit of William Howard, the District Director of the Federal Employees' Compensation Programs, this affidavit simply summarizes the procedural history of the termination of O'Harvey's compensation benefits and does not address O'Harvey's FOIA request
 
 
 [2]
 In his request for subpoenas, O'Harvey sought essentially the same information as in his FOIA request