**CAL–TRIM, INC., et al., Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. CV 05–2408–PHX–ROS.**

United States District Court, D. Arizona.

Feb. 6, 2007.

Jason Mark Silver, Stephen E. Silver, Silver Lockwood PLC, Scottsdale, AZ, for Plaintiffs.

Ivan C. Dale, U.S. Dept of Justice, Nicole Maria Stoduto, U.S. Dept of Justice, Civil Trial Section Eastern Region, Washington, DC, for Defendant.

## ORDER

SILVER, District Judge.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. # 19). For the following reasons, Defendant's Motion is granted.

### I. Background

Plaintiffs filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the production of Defendant's records pertaining to the Plaintiffs for the tax periods ending December 31, 2000 through December 31, 2003.[1] Defendant's Motion for Summary Judgment alleges that it had disclosed to Plaintiffs all documents as required under 5. U.S.C. § 552. It is further alleged that the remaining documents that were not disclosed are protected under one of the exceptions to the Freedom of Information Act, listed in 5. U.S.C. § 552(b). The Defendants have broken down these documents into seven categories-(1) examination workpapers, (2) agent's working papers, (3) case history notes, (4) interview notes, (5) contact sheets, (6) internal correspondence, and (7) discriminant function system ("DIF") scores. Plaintiffs respond that they are not seeking DIF scores. Therefore, the Court will address whether one of the exceptions listed in 5 U.S.C. § 552(b) applies for each of the above six disputed categories of documents.

### II. LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Substantive law determines which facts are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Also, the dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. 2505.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323–24, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S.Ct. 2548; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. Celotex, 477 U.S. at 323, 106 S.Ct. 2548.

1. In their request to the IRS, Plaintiff states that

> This request is made for any and all information and documents regarding the tax periods 2000 through 2003. This includes, but is not limited to, the administrative file, exhibits thereto, worksheets, workpapers and computations compiled by employees of the Internal Revenue Service, or any other information acquired from third parties, including individuals, partnerships or corporations outside of the government, and any information obtained from the taxpayer, or its representatives, including transcripts, tape recordings, memoranda or the handwritten notes of any and all conversations between any representatives of the taxpayer and Internal Revenue Service employees.

The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir.1995). There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, because "credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, ... the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)); *see Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995).

■ FOIA provides citizens access to government information, thereby insuring an informed citizenry, *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), and "was enacted in furtherance of the belief that an informed electorate is vital to the proper operation of a democracy." *Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 974 (3d Cir.1981) (citations omitted).

■ Under FOIA, a government agency must promptly release agency documents, upon request, subject to nine specific statutory exemptions. *Id.* These statutory exemptions are exclusive and must be narrowly construed. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11. Moreover, an entire document is not exempt from release merely because a portion is exempt. *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C.Cir.1973). "Any reasonably segregable, non-exempt portion of a record is to be made available to the person requesting that record." *Lame v. United States Dep't of Justice*, 654 F.2d 917, 921 (3d Cir.1981).

■ If the agency fails to release the requested information, and all administrative remedies have been exhausted, the individual seeking the information can obtain review of the agency's denial in federal district court. *Lame*, 654 F.2d at 921. The court must review the agency's decision to withhold requested documents de novo, and the burden is on the agency to justify its action. *See* 5 U.S.C. § 552(a)(4)(B); *Lame*, 654 F.2d at 921. *Manna*, 832 F.Supp. at 870.

■ Summary judgment is typically used to adjudicate FOIA cases. *Struth v. F.B.I.*, 673 F.Supp. 949, 953 (E.D.Wis. 1987). Moreover, a district court may award summary judgment on the basis of agency affidavits alone where the affidavits are sufficiently detailed and are submitted in good faith. *Manna v. U.S. Dept. of Justice*, 832 F.Supp. 866, 870 (D.N.J.1993). "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." *Lewis v. I.R.S.*, 823 F.2d 375, 378 (9th Cir.1987). Further, the agency is not required to provide a detailed list of withheld documents. Rather, non-disclosure may be justified on a categorical basis by making a general showing that one of the exemptions listed in 5 U.S.C. § 552(b) applies. *Id.* at 380.

## III. DISCUSSION

Defendant has provided two affidavits in support of its Motion for Summary Judgment.[2] The Defendants argue that each category of the withheld documents are subject to one of the following 4 exceptions to the Freedom of Information Act:

(b) This section does not apply to matters that are—

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

. . .

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would not constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ... [or] (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law....

Internal Revenue Code § 6103(e)(7) states

(7) **Return information.**—Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer *if the Secretary determines that such disclosure would not seriously impair Federal tax administration.* (Emphasis added.)

### A. Examination Workpapers

Defendant argues that the category of documents entitled "examination workpapers" is subject to exemptions (3) in conjunction with I.R.C. § 6103(e)(7), (5), (7)(A), and (7)(E). Defendant states these documents

were prepared by the revenue agent in connection with referring plaintiffs' case to Criminal Investigation (CI) for potential criminal fraud. Each of the Examination Workpapers documents contains the agent's development and analysis of the evidence obtained during the course of his examination of plaintiffs and re-

---

**2.** The first of the affidavits is from Adrienne M. Mikolashek, an attorney in the Office of Chief Counsel, Disclosure and Privacy Law, Branch 2 of the IRS. The affidavit attests that Ms. Mikolashek is familiar with the documents at issue and has an understanding of the FOIA and its exemption provisions. The affidavit details how each of the categories of documents requested by plaintiff is exempt from disclosure pursuant to one of the exceptions listed in 5. U.S.C. § 552(b). The second of the affidavits is from David Shelton, the acting Supervisory Special Agent in the Phoenix, Arizona office of the IRS. Mr. Shelton's affidavit attests that Plaintiff's civil tax examination was referred to him in 2004 for potential criminal violations of the Internal Revenue laws. Mr. Sheldon states that exemption (b)(3) in conjunction with I.R.C. § 6103(e)(7) applies to the six categories of documents withheld from Plaintiff.

flects the agent's belief that plaintiffs have committed criminal fraud.

## B. Agent's Working Papers

Defendant argues that the category of documents entitled "agent's working papers" is subject to exemptions (3) in conjunction with I.R.C. § 6103(e)(7), (5), (7)(A), and (7)(E). Defendant states these documents

were prepared by the agent as part of his determination whether to refer plaintiffs' case to CI for potential criminal investigation. The working papers consist of the agent's findings as to each of the topics covered by the primary Examination Workpapers documents. The notes summarize the issue(s), the facts or information gathered and from whom, whether additional documents were requested, the agent's analysis, the provisions of the Internal Revenue Code the agent believed applied, and the agent's conclusions. Portions of the agent's notes contain financial calculations where the agent was calculating the correct amount of income, expenses, or deductions based on the information he had gathered during the examination. The financial calculations also contain comparisons of values from his audit and those reported by the plaintiffs on their returns.

## C. Case History Notes

Defendant argues that the category of documents entitled "case history notes" is subject to exemptions (3) in conjunction with I.R.C. § 6103(e)(7), (5), (7)(A), and (7)(E). Defendant states these documents are the revenue agent's log of activity in each of the examinations including contacts made with plaintiffs and third parties, contacts with IRS employees and managers, information requested and received from plaintiff and third parties (i.e. information as to expenses), and the

examiner's thoughts as to how to proceed.

## D. Interview Notes and Contact Sheets

Defendant argues that the categories of documents entitled "interview notes" and "contact sheets are subject to exemptions (3) in conjunction with I.R.C. § 6103(e)(7), (5), (7)(A), 7(C) and (7)(E)." Defendant states these documents

consist[ ] of the revenue agent's interview notes for interviews conducted with the plaintiff, Tom Calderon, and third party witnesses. Also included in these pages are contact sheets for third party witnesses. Included within the interview notes are questions formulated by the agent prior to the interview, handwritten notes taken during or after the interview, and typed notes transcribed from handwritten notes. All of these notes were part of the revenue agent's materials used during the investigation to gather information so as to allow him to determine plaintiffs' correct tax liability.

Specifically with respect to these categories of documents, Defendant argues that under exemption 7(C), the release of this information would constitute an unreasonable invasion of an individuals privacy. The Defendant states that third party witnesses have provided information to assist the IRS in its investigation of Plaintiffs and the release of their information could expose them to unreasonable annoyance or harassment from Plaintiffs. Defendant argues that such exposure, prior to any formal criminal prosecution being initiated could result in the witnesses recanting their statements or otherwise being unwilling to assist the IRS in the case.

## E. Internal Correspondence

Defendant argues that the category of documents entitled "internal correspon-

dence" is subject to exemptions (5), (6), 7(A) and 7(C). Defendant states these documents are

correspondence between the revenue agent and more senior IRS employees describing issues that arose in the course of his examination of plaintiffs. The internal correspondence documents include reports, transmittal sheets, and memoranda, containing the recommendations and analysis of the agent and the responses of IRS employees. The IRS is also withholding in part 4 pages of computer screen printouts from its Integrated Data Retrieval System (IDRS) system, having redacted exam indicators. The IRS is also withholding from one page, the name of a lower-level employee to protect his or her personal privacy.

Specifically with respect to this category of document, Defendant argues that under exemptions (6) and 7(C), non-disclosure of these documents is appropriate to protect the personal privacy of lower-level IRS employees so as to not expose them to unreasonable annoyance or harassment from Plaintiffs.

### F. Common Arguments

Defendant makes the following arguments in regard to all of the above listed categories. The release of this information would constitute a serious impairment to federal tax administration and therefore is exempt from disclosure under exemption (3), through I.R.C. § 6103(e)(7), exemption (5), and exemptions (7)(A) & (E). Under exemption (5), Defendant argues that the documents are deliberative process documents and the release of them to Plaintiff would impede the IRS collection and law enforcement efforts. Under exemptions (7)(A) & (E), according to Defendant, there is an open criminal investigation file regarding Plaintiffs and the release of this information "would allow Plaintiff to determine the nature, direction, scope, and lim-

its of the investigation, the transactions being investigated, and the strategies and theories being utilized by the government." Further, the release of the information would interfere with government's case and allow Plaintiffs to craft explanations or defenses based on the agent's analysis or enable them the opportunity to disguise or conceal the transactions that are under investigation.

■ Plaintiff maintains that Defendant's arguments are speculation and that there is no proof that Plaintiff would actually use this information to avoid prosecution or obstruct justice. The Court does not agree. Defendants affidavits and memoranda have sufficiently detailed the categories of documents and have clearly described how each of the cited exemptions under 5 U.S.C. § 552(b) applies to the withheld documents. The Court finds that Defendant has carried its burden under the FOIA.

Plaintiff also argues that the Court should conduct an in camera inspection of the documents to determine whether or not they should be disclosed. The Court may conduct an in camera inspection of the documents in order to determine their exempt status. 5 U.S.C. § 552(a)(4)(B). Whether to conduct an in camera inspection is within the Court's discretion, but it "is not a substitute for the government's burden of proof, and should not be resorted to lightly." *Lewis,* 823 F.2d at 378. In camera inspection is "proper to determine whether parts of a record could be released while keeping other parts secret." *United States Dept. of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 768, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). However, the Court "need not and should not make in camera inspections where the government has sustained its burden of proof on the claimed exemption by public testimony or affidavits." *Lewis,*

823 F.2d at 378. Therefore, finding that Defendant has carried its burden, the Court denies Plaintiff's request for an in camera review of the documents.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice.