**LION RAISINS INC., Plaintiff— Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant— Appellee.**

No. 05–17299.

United States Court of Appeals, Ninth Circuit.

Submitted April 27, 2007 *.

Filed April 30, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wesley T. Green, Esq., Selma, CA, for Plaintiff–Appellant.

Yoshinori H.T. Himel, AUSA, USSAC— Office of the U.S. Attorney, Sacramento, CA, Linda M. Anderson, ESQ., USF— Office Of The U.S. Attorney, Fresno, CA, for Defendant–Appellee.

Before: TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

In an earlier appeal, we reversed in part and remanded the district court's grant of summary judgment in favor of the U.S. Department of Agriculture ("USDA") in an action brought under the Freedom of Information Act, 5 U.S.C. §§ 552, et seq. ("FOIA"). *Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1085 (9th Cir. 2004). Lion Raisins Inc. ("Lion") challenges the district court's ruling on remand, which approved the withholding of two administrative reports of an investigation of Lion (the "Reports"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The USDA's publicly-submitted affidavits provided an adequate factual basis from which the district court could have concluded that the withheld portions of the Reports were exempt from disclosure under FOIA's law enforcement exemption, 5 U.S.C. § 552(b)(7)(A). *Doyle v. FBI*, 722 F.2d 554, 555 (9th Cir.1983); *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir.1979). The Agricultural Marketing Service's David Trykowski was personally involved in both investigations underlying the Reports and provided detailed and specific information supporting the application of the law enforcement exemption. This testimony was corroborated by the testimony of Office of Inspector General Senior Special Agent Sharon Yamaguchi. The USDA's evidence that the criminal investigation remains ongoing, and that release of the Reports would jeopardize that investigation, therefore, meets the applicable standard. *See Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir.1987) ("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further.") (quotation marks omitted).[2]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history of this case, we do not recite them, except to the extent necessary to aid in understanding this disposition.

2. Because the record discloses no evidence of bad faith on the part of USDA, moreover, Lion's attempt to undermine the factual basis

In addition, the district court did not clearly err in its ultimate decision that the law enforcement exemption applied. *Lewis*, 823 F.2d at 379; *Church of Scientology*, 611 F.2d at 743. The public information before the district court adequately supported its finding that the withheld portions of the Reports were exempt from disclosure, both through the USDA's extensive testimony to this effect and Lion's agreement to extend the statutes of limitations for prospective, potential criminal proceedings. The district court properly concluded that the Reports, if disclosed to Lion, would improperly give Lion a premature view of the government's theory of the case and evidence, an understanding—which it presently lacks—of the investigation's narrow focus and specific scope, and an opportunity to devise methods to circumvent the prospective prosecution.[3]

Because the district court had an adequate factual basis for the application of the law enforcement exemption and did not clearly err in its decision that the Reports were properly withheld, the district court's grant of summary judgment in favor of the USDA is

**AFFIRMED.**

in this manner fails. *See, e.g., Minier v. CIA*, 88 F.3d 796, 803 (9th Cir.1996) (" '[T]he mere allegation of bad faith' should not 'undermine the sufficiency of agency submissions.' Before rejecting the affidavits, 'there must be tangible evidence of bad faith.' ") (citation omitted).

3. Lion's failure to show that it already knows the scope of the government's investigation counts strongly against disclosure. *See, e.g., NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 241, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) ("[E]ven without intimidation or harassment a suspected violator with advance access to the [agency's] case could construct defenses which would permit violations to go unremedied.") (citations and quotation marks omitted); *Lewis*, 823 F.2d at 380 (" 'FOIA was *not* intended to function as a private discovery tool, ... [and] we cannot see how FOIA's purposes would be defeated by deferring disclosure until after the Government has "presented its case in court." ' ") (quoting *Robbins Tire*, 437 U.S. at 242, 98 S.Ct. 2311).

