**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC FISHERIES INC, | No. 09-35618 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-02436-JLR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted August 31, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Pacific Fisheries, Inc. ("Pacific Fisheries") seeks documents that the United

States Internal Revenue Service ("IRS") provided to the Russian government

pursuant to the Convention between the United States of America and the Russian

Federation for the Avoidance of Double Taxation and the Prevention of Fiscal

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Evasion with respect to Taxes on Income and Capital ("Tax Convention") to aid in its tax investigation of Konstantin Voloshenko, an employee of Pacific Fisheries. Pursuant to Russia's request, the IRS issued third-party summonses that later proved to be defective. Pacific Fisheries submitted a request under the Freedom of Information Act ("FOIA") to obtain the documents used as the basis for the summonses and subsequently filed this suit to compel further disclosure. On remand from this court, the district court granted summary judgment to the IRS after finding that the IRS had properly withheld documents pursuant to FOIA Exemption 3, 5 U.S.C. § 522(b)(3), in conjunction with Internal Revenue Code, 26 U.S.C. § 6103 and § 6105.

We apply a two-step review of a district court's grant of summary judgment in FOIA cases. First, we "determine[] under a *de novo* standard whether an adequate factual basis exists to support the district court's decisions." Lane v. Dep't of Interior, 523 F.3d 1128, 1135 (9th Cir. 2008) (citations omitted). If we determine that "an adequate factual basis exists, then the district court's conclusions of fact are reviewed for clear error, while legal rulings, including its decision that a particular exemption applies, are reviewed *de novo*." Id.

## I.

The IRS "bears the burden of proving it may withhold documents under a FOIA exemption." See Milner v. U.S. Dep't of the Navy, 575 F.3d 959, 963 (9th Cir. 2009) (citing 5 U.S.C. § 552(a)(4)(B)). Pacific Fisheries contends that the IRS provided "no basis to find disclosure would impair federal tax administration," and only provided "speculative concerns." However, together, the declaration from Helene Newsome, attorney in the Office of Chief Counsel, and the supplemental declaration from Douglas O'Donnell, the IRS Director of Treaty Administration and International Coordination in the Large and Mid-Size Business Division of the IRS, provided the district court an adequate factual basis from which it could decide whether disclosure would seriously impair federal tax administration. "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, 'the district court need look no further.'" Lewis v. IRS, 823 F.2d 375, 378 (9th Cir.1987) (quoting Church of Scientology of Calif. v. Dep't of the Army, 611 F.2d 738, 742 (9th Cir.1979)).

Upon determining that the district court had an adequate factual basis, we then review the district court's conclusions that disclosure would seriously impair federal tax administration under either a de novo or clearly erroneous standard of review, depending on whether the district court's conclusions were primarily legal

3

or factual. Lane, 523 F.3d at 1135. Here, clear error review is appropriate. See Long v. IRS, 825 F.2d 225, 228 (9th Cir. 1987), vacated and remanded on other grounds, 487 U.S. 1201 (1988).

"In evaluating a claim for exemption, a district court must accord substantial weight to [agency] affidavits, provided the justifications for nondisclosure are not controverted by contrary evidence in the record or by evidence of [agency] bad faith." Minier v. CIA, 88 F.3d 796, 800 (9th Cir. 1996) (citation and internal quotations omitted). O'Donnell's supplemental declaration, provides the specific reasons why federal tax administration would be impaired, including, among other things, harm to working relations between the United States and Russia and the chilling of Russia's future cooperation in exchange-of-information assistance requests in U.S. tax cases, thereby "interfering with the administration of U.S. civil and criminal tax investigations." Pacific Fisheries did not submit any evidence of bad faith on the part of the IRS or contrary evidence to any statements in O'Donnell's declarations.

The district court's findings are not clearly erroneous, and we affirm the court's grant of summary judgment with regard to the disclosure of documents under 26 U.S.C. § 6103.

**II.**

Pacific Fisheries argues that even if the government's claim of tax impairment is upheld, at a minimum, it should be allowed access to the documents the IRS provided to the Russian government. The district court determined that "tax convention information" under § 6105 is "broad enough to cover information relating to and reflecting on information it received from Russia." This is a legal determination subject to de novo review. Lane, 523 F.3d at 1135.

"[T]ax convention information" is defined in the statute as "information exchanged pursuant to a tax convention which is treated as confidential or secret under the tax convention." 26 U.S.C. § 6105(c)(1)(E). Article 25 of the Tax Convention provides that "[a]ny information received by a Contracting State shall be treated as confidential in the same manner as information obtained under the domestic laws of that State."

As the district court held, the plain language of the statute and Tax Convention covers *information*, whether that information is contained in documents sent by Russia or documents sent by the United States to Russia. According to Newsome's declaration, which categorizes and discusses all of the documents at issue in the lawsuit by FOIA exemption, the only documents provided by the IRS to the Russian Competent Authority were provided in part and

5

withheld in part so as not to disclose "information that is reflected in the Russian treaty request . . . concerning the investigation of a Russian individual."

The confidentiality under the Tax Convention attaches to the information. Pacific Fisheries cites no contrary authority. We affirm the district court's grant of summary judgment on this claim as well.

**AFFIRMED.**