**Richard BOWEN, Plaintiff–Appellant,**

v.

**U.S. FOOD AND DRUG ADMINISTRA-TION, Defendant–Appellee.**

No. 90–15065.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 1990.[*]

Decided Feb. 21, 1991.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Richard Bowen, Chino, Cal., pro. per.

Joann M. Swanson, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before HUG, BEEZER and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

This case involves Richard Bowen's repeated requests under the Freedom of Information Act ("FOIA") for documents and records from the United States Food and Drug Administration ("FDA") involving cyanide and other poison tamperings of consumer products. Bowen began his FOIA requests while charged, in a state court criminal proceeding, with a cyanide tampering incident involving Anacin–3 capsules. This charge resulted in Bowen's conviction for attempted murder for which he is currently incarcerated.

Bowen now appeals, *pro se*, the district court's grant of summary judgment in favor of the FDA, based on the court's conclusion that detailed agency affidavits describing the FDA's response to Bowen's FOIA requests properly showed that agency documents, or portions of agency documents, were properly exempted from disclosure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The standards for evaluating FOIA requests have been set forth as follows:

The FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a)(3). An agency may withhold a document, or portions of a document, *only* if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirement set forth in § 552(b). The burden is upon the government agency to establish that a given document is exempt from disclosure. *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 728 F.2d 1270, 1272 (9th Cir.1984) (citations omitted) (emphasis in original). Using a two-part analysis, we review (1)

"whether the district court had an adequate factual basis on which to make its decision," and, if so, (2) whether the district court's finding that the requested documents were properly exempted is clearly erroneous. *E.g., Lewis v. IRS,* 823 F.2d 375, 377–78 (9th Cir.1987).

■ In satisfying its burden of establishing that requested documents are exempt from disclosure, the agency "may rely on affidavits submitted by its agents." *Id.* at 378. The agency is not required, however, to "specify its objections [to disclosure] in such detail as to compromise the secrecy of the information." *Id.* (citation omitted). "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." *Id.* (citations and internal quotations omitted).

■ In this case, the FDA has set forth in detail its responses to each of Bowen's FOIA requests. In support of its motion for summary judgment, the FDA submitted four affidavits of two responsible and qualified agency officials, along with accompanying exhibits, that provided the district court with a comprehensive analysis of the substance of Bowen's various requests, documents that had been provided to Bowen, and documents that were withheld under several asserted statutory exemptions. The affidavits also included specific reasons for the agency's claiming of each of the exemptions.

We therefore reject Bowen's apparent assertion that the FDA has acted in bad faith. It is undisputed that the FDA responded to Bowen's requests by disclosing numerous documents amounting to several hundred pages. It is also undisputed that the FDA provided Bowen with a 47–page "*Vaughn* index," [1] detailing 100 documents requested by Bowen that the agency believed were properly exempt, in whole or in part, from disclosure. Each of the listed documents in this index contained a description of the requested document, reasons for asserting the exemption, and each of the asserted exemptions' statutory bases. Finally, the agency sent Bowen two letters detailing the specifics of each of Bowen's requests. These letters also included attachments containing additional requested documents, in addition to reasons for exempting other documents from disclosure.

We also reject Bowen's contention that the FDA exceeded the scope of the asserted exemptions in withholding or deleting portions of documents. The statutory basis for exempting each of these documents was the FDA's assertion that they contained information regarding (1) trade secrets and confidential commercial or financial information ("exemption 4"); (2) personal or medical files whose disclosure would constitute an invasion of privacy ("exemption 6"); and (3) records or information falling within several statutory exemptions for their use in various law enforcement applications ("exemption 7").

■ First, the district court did not clearly err in determining that exemption 4 had been properly claimed. This exemption "is available to [an agency] to prevent disclosure of (1) trade secrets and commercial or financial information, (2) obtained from a person or by the government, (3) that are privileged or confidential." *Pacific Architects & Engineers, Inc. v. U.S. Dept. of State,* 906 F.2d 1345, 1347 (9th Cir.1990) (citing 5 U.S.C. § 552(b)(4)).

■ An affidavit prepared by Roy Sandberg, an FDA officer responsible for responding to and supervising FOIA requests, described in detail which documents were being withheld under this exemption and why. It noted that Bowen's requests involved "trade secret information regarding the manufacturing formulas and processes, as well as quality control and inter-

---

**1.** The origins of the so-called *"Vaughn* index" date back to the District of Columbia Circuit's decision in *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). In that case, the court rejected an agency's conclusory affidavit that stated that requested FOIA documents were subject to exemption, and directed the agency to furnish detailed support for its exemption claims by itemizing the refused documents in an index providing justifications for each asserted exemption. *Id.* at 826–28.

nal security measures, of private business entities." According to Sandberg, "[t]hese businesses closely guard such details of their production, and only provided such data to FDA to assist with cyanide tampering investigations." The Sandberg affidavit also noted that the "FDA and other law enforcement agencies rely heavily upon firms to cooperate voluntarily in such an investigation, and the government would be less likely to obtain this information if a private business feared that the data would be made public." Finally, the affidavit referenced each of the asserted reasons for claiming the exemption to specific documents contained in the *Vaughn* index. We conclude that the affidavit established sufficiently that documents listed in the *Vaughn* index contained confidential information subject to nondisclosure under exemption 4.

■ We similarly conclude that the FDA properly withheld documents under exemption 6. Exemption 6, FOIA's so-called "privacy exemption," applies to " 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.' " *Multnomah County Medical Soc'y v. Scott*, 825 F.2d 1410, 1413 (9th Cir.1987) (quoting 5 U.S.C. § 552(b)(6)). Exemption 6 is intended to protect "individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dept. of State v. Washington Post Co.*, 456 U.S. 595, 599, 102 S.Ct. 1957, 1960, 72 L.Ed.2d 358 (1982).

According to the FDA, documents withheld from disclosure under this exemption involved medical records and in some cases autopsy reports concerning individuals injured by cyanide-contaminated consumer products. As in the case of documents withheld under exemption 4, the FDA provided an affidavit describing which documents listed in the *Vaughn* index were subject to exemption 6 and why. The FDA has satisfied its burden of showing that these documents were properly withheld under exemption 6.

Finally, Bowen contends that the FDA improperly withheld documents under three separate provisions of exemption 7. In relevant part, this exemption applies to

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, ... [or] (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, ... if such disclosure could reasonably be expected to risk circumvention of the law....

5 U.S.C. § 552(b)(7)(C), (D), (E) (1988).

■ Bowen essentially challenges the FDA's assertion of exemption 7(E) on three separate grounds: (1) that the FDA waived its right to claim an exemption because the requested information is already within the public domain; (2) that the information "is not exclusive to law enforcement matters;" and (3) that the FDA is not entitled to rely on the exemption because the requested information would only require disclosure of the results, rather than the methods, of the law enforcement investigations employed to trace cyanide-tampering incidents.

The FDA acknowledges that a small portion of the requested materials have been made public because of (a) Dr. Fricke's testimony in Bowen's state court criminal trial; (b) Fricke's release of limited information to the professional chemists' community regarding cyanide-tracing techniques; and (c) the prior erroneous release of a small number of documents to Bowen. Contrary to Bowen's assertions, however, prior agency disclosures do not necessarily result in an agency's waiver to subsequent claims of exemption. *See Abbotts v. Nuclear Regulatory Comm'n*, 766 F.2d 604, 607–08 (D.C.Cir.1985). Moreover, Fricke's testimony at Bowen's criminal trial, while describing the chemical process of tracing cyanide-tampered products to their source, did not provide a detailed, technical analysis of the techniques and procedures used

to conduct law enforcement investigations of product tamperings.

In addition, Fricke noted in his affidavit that he

discussed [his] early research into the [tracing] technique with a group of specialized analytical chemists before the incidence of cyanide tamperings had increased. Since that time, [he has] only discussed the intricate and technical details of the method and the results of the analyses on a strict need to know basis ... [limited to a] ... discussion of the results of each analysis with those FDA, FBI, state or local law enforcement personnel involved in a particular investigation.

Fricke's affidavit also includes descriptions of documents that were released which support the FDA's assertion that, of the few documents inadvertently released to Bowen, most were derived from the tampering incident related to Bowen's own criminal conviction. The affidavit also supports the FDA's assertion that these few documents consist chiefly of summaries and conclusions, rather than any depth or detail of actual laboratory analyses.

Finally, Fricke's affidavit provides detailed assertions why disclosure of the requested information would present a serious threat to future law enforcement product-tampering investigations by revealing specifics of cyanide-tracing techniques. As a result, we conclude there is a sufficient basis for the district court's finding that the FDA has satisfied its burden of showing that exemption 7(E) was properly applied.

Finally, Bowen has failed to present any meaningful argument why exemptions 7(C) and 7(D) were not properly asserted by the FDA. As with its claimed exemption under exemption 7(E), the FDA has provided affidavits stating that release of the requested information would implicate the invasion of privacy and protection of confidential source concerns that exemptions 7(C) and (D) were designed to protect. We find no error in the district court's finding here.

After a thorough review of this case, we conclude that the FDA has adequately met its responsibilities under the FOIA. Accordingly, the district court's judgment is affirmed.

AFFIRMED.