John HEENEY, Plaintiff–Appellant,

v.

FOOD AND DRUG ADMINISTRA-
TION, Defendant–Appellee,

Boston Scientific Corporation,
Defendant–Intervenor–
Appellee.

No. 99–56269.

D.C. No. CV–97–05461–MMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided April 12, 2001.

Before LEAVY, TROTT, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

John Heeney brought this action under
the Freedom of Information Act, seeking

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
9th Cir. R. 36–3.

files held by the Food and Drug Administration regarding an electrode catheter distributed by Boston Scientific Corporation. Acting on Heeney's request, the FDA released its files but withheld information that it considered to be trade secrets or confidential. The district court ordered that some additional information be disclosed, but otherwise upheld the agency's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## DISCUSSION

■ The Freedom of Information Act "mandates a policy of broad disclosure of government documents when production is properly requested." *Bowen v. FDA,* 925 F.2d 1225, 1226 (9th Cir.1991) (internal quotation omitted). Nonetheless, there are statutory exemptions that prohibit the government from disclosing certain information. *See* 5 U.S.C. § 552(b)(1)-(9). An agency that invokes one of these exemptions "has the burden of proving that the information falls under the claimed exemption." *See GC Micro Corp. v. Defense Logistics Agency,* 33 F.3d 1109, 1113 (9th Cir.1994). We do not require, however, the agency "to specify its objections to disclosure in such detail as to compromise the secrecy of the information." *See Bowen,* 925 F.2d at 1227 (internal quotation omitted). Rather, the agency may meet its burden by submitting affidavits that "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption." *Id.* (internal quotation omitted).

■ The FDA and Boston Scientific both submitted detailed affidavits to support their assertions that the FDA was entitled to withhold information pursuant to § 552(b)(4), an exemption that provides that an agency may not disclose "trade secrets and commercial or financial information" that are "privileged or confiden-

tial." The district court carefully reviewed these submissions and concluded that "the information redacted by the FDA was properly withheld." Specifically, the court noted that the redactions concerned the identity of a catheter that had been submitted by Boston Scientific to the FDA for approval but was subsequently withdrawn. Other redactions included product design, testing and manufacturing data, construction materials, manufacturing agreements with other companies, and marketing and sales data. We agree with the district court that this type of information falls squarely within the exemption provided by § 552(b)(4). *See GC Micro,* 33 F.3d at 1112–13.

The district court correctly reasoned that the name and manufacturer of the catheter submitted for approval but subsequently withdrawn were not subject to disclosure. The record indicates that Boston Scientific withdrew its application because the FDA had determined that the catheter was not substantially equivalent to devices already on the market. Recognizing the significance of this fact, the district court noted that the FDA's decision might have been based on proposed modifications or Boston Scientific's intent to use the catheter in a new or different way. Whatever the reason, we agree with the district court that releasing the information could "suggest to competitors that Boston Scientific intended to modify the device or market it for new and different uses."

The court also reasoned that the design, testing, and materials specifications of the catheter are not subject to disclosure. We agree that disclosing such information would plainly allow competitors to identify the product. Thus, in the context of the FDA's finding of no substantial equivalence, information regarding the design, testing, and materials, like the catheter's name and manufacturer, were properly

withheld. Moreover, even if the given catheter could be "reversed engineered," the FDA was not required to disclose information that would allow competitors to determine which catheter had been withdrawn.

 The court also rejected Heeney's contention that some of the redacted information had been previously disclosed to him and thus the trade secret exemption is waived. We conclude that the district court correctly ruled that any waiver applies only to documents previously released. *See Mobil Oil Corp. v. EPA*, 879 F.2d 698, 701 (9th Cir.1989). Because the FDA's previous disclosures involved unrelated files, we agree that the information in Boston Scientific's file was properly withheld. *See id.*

 Finally, the court rejected Heeney's procedural arguments that (1) he was entitled to an evidentiary hearing, (2) the court should have conducted in camera review of the documents; and (3) discovery should have been reopened. We reject each of these arguments. District courts are not required to take oral testimony in deciding motions for summary judgment. *See Thompson v. Mahre*, 110 F.3d 716, 720 (9th Cir.1997) (noting that oral testimony is rare in such circumstances and would "ordinary be a waste of time"). The court was also not required to inspect the requested documents. *See Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir.1987) (noting that in camera inspection is not required when the affidavits are sufficient). Lastly, Heeney did not demonstrate good cause that would have required the district court to modify its pretrial scheduling order and permit additional discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

## CONCLUSION

We conclude that the FDA properly applied the exemption provided by § 552(b)(4). The affidavits submitted by the parties contained reasonably detailed descriptions of the documents at issue and alleged facts sufficient to establish the exemption. Accordingly, we affirm the judgment of the district court.

AFFIRMED.