Rebecca Allison GORDON, Janet Amelia Adams and American Civil Liberties Union Foundation of Northern California, Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, United States Department of Justice and Transportation Security Administration, Defendants.

No. C 03–01779 CRB.

United States District Court, N.D. California.

June 15, 2004.

Alan L. Schlosser, Jayashri Srikantiah, American Civil Liberties Union, Thomas R. Burke, Davis Wright Tremaine LLP, San Francisco, CA, Susan E. Seager, Davis Wright Tremaine LLP, Los Angeles, CA, for Plaintiffs.

Joseph William LoBue, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER

BREYER, District Judge.

In this Freedom of Information Act ("FOIA") action plaintiffs seek records regarding "no fly" and other transportation watch lists, as well as agency records concerning plaintiffs Rebecca Gordon and Janet Adams. Now pending are the parties' cross-motions for summary judgment. In light of the nature of the government's claimed exemptions, the Court directed the government to produce copies of all withheld records for the Court's review.

## LEGAL STANDARD

■ "FOIA entitles private citizens to access government records." *Minier v. Central Intelligence Agency*, 88 F.3d 796, 800 (9th Cir.1996). "The Supreme Court has interpreted the disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'" *Lion Raisins v. U.S. Dept. of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)). FOIA contains nine exemptions, however, which a government agency may invoke to protect certain documents from public disclosure. *See id.* (citing 5 U.S.C. § 552(b)). "Unlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'" *Lion Raisins*, 354 F.3d at 1079 (internal quotation and citation omitted).

■ The agencies resisting public disclosure—here, the FBI and TSA—have "the burden of proving the applicability of an exception." *Minier*, 88 F.3d at 800. That burden remains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document. *United States Dept. of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). An agency "may meet its burden by submitting a detailed affidavit showing that the information 'logically falls within the claimed exemptions.'" *Id.* (internal citation omitted). "In evaluating a claim for exemption, a district court must accord 'substantial weight' to [agency] affidavits, provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [agency] bad faith.'" *Id.* (quoting *Hunt v. CIA*, 981 F.2d 1116, 1118 (9th Cir.1992)).

## DISCUSSION

The Court has begun the process of reviewing each piece of withheld information to determine if the defendants have met their burden of proving that the information is exempt from disclosure. Based on the Court's preliminary review, it appears that the government has not met its burden in many instances; instead, the government has applied the exemptions broadly and without providing a detailed explanation of why the withheld material is exempt. A few examples of the government's liberal application of the exemptions are discussed below.

### A. Exemption 3

■ FOIA Exemption 3 provides that FOIA "does not apply to matters that are—.... specifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as so to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). "A two-part inquiry determines whether Exemption 3 applies to a given case." *Minier*, 88 F.3d at 801.

"First, a court must determine whether there is a statute within the scope of Exemption 3. Then, it must determine whether the requested information falls within the scope of the statute." *Id.*

Defendants claim that certain records are exempt pursuant to 49 U.S.C. section 114(s) and 49 U.S.C. section 40119(b). These statutes provide that notwithstanding FOIA, the TSA shall develop regulations "prohibiting the disclosure of information obtained or developed in carrying out security" if disclosing the information would "be detrimental to the security of transportation." There is no dispute that these statutes fall within Exemption 3. The question, then, is whether the withheld information falls within the regulations adopted pursuant to these statutes.

Some information is redacted pursuant to 49 C.F.R. section 1520.7(b). That regulation identifies "Security Directives and Information Circulars ..., and any comments, instructions, or implementing guidance pertaining thereto" as sensitive security information that cannot be disclosed. The TSA revealed to plaintiffs a slide presentation that the TSA prepared in December 2002 to brief the FBI on a proposed policy that the TSA was in the process of developing. TSA Nos. 1–8. The TSA has redacted certain information, claiming it is covered by section 1520.7(b). Some of the redacted information on its face, however, does not fall into this category; instead, defendants seem to contend that if any piece of information is also in a security directive then it is sensitive security information. While there may be a reason for deeming certain information in a security directive sensitive security information when it appears elsewhere, it does not follow that all information that appears in a security directive falls within the exemption for security directives when it appears elsewhere.

The first slide on TSA no. 2, for example, contains information on the number of persons that had been identified as "no transport" prior to September 11, 2001. None of the defendants' affidavits explains how this information—historical fact—is sensitive security information that should not be disclosed. Nor do they explain why the *number* of names on the No–Fly and Selectee Lists in 2002, *see* TSA no. 3, is exempt. Defendants do not meet their burden by simply reciting that information derived from security directives is sensitive security information.

Other information is redacted pursuant to 49 C.F.R. section 1520.7(c) which identifies "selection criteria used in any security screening process" as non-disclosable sensitive security information. Some of the information redacted, however, merely recites that the Watch Lists include persons who pose a threat to aviation. *See* TSA Nos. 2, 3, 4. While this information may technically fall within the category of "selection criteria," it is by no means sensitive security information; rather, it is common sense and widely known. Defendants have offered no justification for withholding such innocuous information.

Defendants have also redacted information pursuant to section 1520.7(1), *see* TSA no. 7. This regulation, however, merely provides that "[a]ny draft, proposed, or recommended change to" sensitive security information is not protected. The redacted information is not a draft or proposed or recommended change.

**B. Exemption 7(C)**

 Exemption 7(C) provides that materials may be withheld by an agency if they are "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information ... (C) could reasonably be expected to consti-

tute an unwarranted invasion of privacy." 5 U.S.C. § 552(b)(7)(C). Because the FBI has a clear law enforcement mandate, it need only establish a "rational nexus" between enforcement of federal law and the document for which Exemption 7 is claimed. *See Rosenfeld v. United States Dept. of Justice*, 57 F.3d 803, 808 (9th Cir.1995).

Defendants have applied this Exemption too broadly as well. For example, Ann Davis, a reporter for the Wall Street Journal, sent an FBI employee an email detailing the complaints of several American peace activists (including the individual plaintiffs) who claim they were told they were on a No–Fly List. Defendants have redacted all of the information summarizing the complaints of the activists on the ground that the information falls within Exemption 7(C). Defendants have not met their burden for two reasons.

First, defendants have not established that there is any nexus between this information and the enforcement of federal law. The government merely states that "it is not at all clear why plaintiffs' [sic] believe the letter was 'compiled' by the FBI for some purpose other than ensuring the accuracy of the No Fly List." Amended Opp. at 26. The burden is on the government to show that the information—that is, the email from the Wall Street Journal reporter—was received for a law enforcement purpose; the burden is not on the plaintiffs to show that it was not. None of the government's affidavits suggest that the email has a rational nexus to enforcement of federal law. In fact, the unredacted portions of the email demonstrate that the reporter was making an inquiry of the FBI because she was working on a story and wanted to know if the activists were on the list: "Since there are many possible reasons why these people were stopped, it will be very helpful to hear from you and work with you on this; I've listed contact information at the bottom of the email. . . . Thank you again for being so responsive." FBI No. 305.

Second, even assuming the government had established the nexus, it has not demonstrated that disclosing the information in the email would involve an unwarranted invasion of privacy. First, if the government was merely concerned with protecting the privacy rights of the activists it could have simply redacted their names and other identifying information. It did not; instead, it redacted the entire discussion of each incident. Second, the email makes clear that much of the information is derived from newspaper articles and other public sources. Indeed, the government has produced articles discussing some of the incidents—and the name of the persons involved—elsewhere in its production. *See* FBI Nos. 66, TSA Nos. 19–21. It is unreasonable for the FBI to claim that disclosing this information would be an unwarranted invasion of the privacy of the people who made the complaints public in the first place, especially when the government has disclosed the information elsewhere.

Defendants have also improperly used this privacy exemption to withhold entire documents when they could have simply redacted the third party's name. *See, e.g.*, FBI Nos. 2–3, 71–72, 73–74, 197, 273–276. They have also redacted nearly all references to government employees, even the name of the FBI employee who was responsible for responding to inquiries from the public regarding names appearing on the No Fly Lists. *See e.g.*, FBI Nos. 72, 73. Defendants have not met their burden of showing that each and every name is exempt.

## C. Exemption 6

 Defendants have also misapplied FOIA Exemption 6. Exemption 6

protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has defined 'similar file' broadly as government records containing 'information which applies to a particular individual.'" *Minnis v. Dept. of Agriculture,* 737 F.2d 784, 786 (9th Cir.1984) (applying Exemption 6 to permit applicant list). "Exemption 6 is intended to protect 'individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.'" *Bowen v. U.S. Food & Drug Administration,* 925 F.2d 1225, 1228 (9th Cir.1991) (internal citation omitted); *see also Dobronski v. F.C.C.,* 17 F.3d 275 (9th Cir. 1994) (applying Exemption 6 to sick leave records); *Van Bourg, Allen, Weinberg & Roger v. N.L.R.B.,* 728 F.2d 1270, 1273 (9th Cir.1984) (applying Exemption 6 to names and addresses of employees eligible to vote for a union).

The TSA has withheld information pursuant to Exemption 6 that is not a personnel, medical or similar file. *See* Nos. 19–23. For example, it has withheld the *name* of the Associate Director of the TSA Legislative Affairs Office, *see* TSA No. 21, and the *name* of the Special Assistant to the Associate Under Secretary for Security Regulation & Policy, U.S. Department of Transportation from an email forwarding an Associated Press article about Larry Musarra, a retired Coast Guard lieutenant commander whose name is similar to a name on the No–Fly list. *See* TSA No. 19. The redaction of the names of these officials is unjustified. First, who holds a particular office at a particular time is a matter of public record; thus, the redaction makes no sense. Second, the documents from which the names are redacted do not disclose personal information about the officials. The TSA even redacted the message that was written along with the forwarded email, including the message

that Mussara "is a retired Coastie," information that appears in the Associated Press article.

## CONCLUSION

The Court's preliminary review of the voluminous material demonstrates that in many instances the government has not come close to meeting its burden, and, in some instances, has made frivolous claims of exemption. The appropriate remedy is to have defendants review all of the withheld material to determine whether they believe in good faith that the material is in fact exempt and, if defendants contend it is exempt, to provide a detailed affidavit that explains why the particular material is exempt. General statements that, for example, the information is sensitive security information, are inadequate to satisfy the government's burden. That material which is not exempt shall be promptly disclosed to plaintiffs in response to their FOIA request.

The Court has not reviewed every piece of withheld information and every claimed exemption. Accordingly, that this Order does not mention a particular exemption or particular piece of withheld information does not mean that the Court agrees the information should be withheld. Defendants are directed to review *all* withheld material and reconsider whether it is exempt from disclosure, keeping in mind that it is defendants' burden to prove that an exemption applies and that exemptions are to be construed narrowly.

Once defendants' review is complete, and a further production has been made to plaintiffs, defendants shall file a further motion for summary judgment that addresses the remaining material. Defendants shall be careful to specify which exemption is being applied to particular information on any given document. Defendants need not address the classified

material as the Court has reviewed that information *in camera* and determined that it is exempt. *The motion for summary judgment shall be accompanied by a certification from government counsel attesting that counsel has personally reviewed all of the withheld information and in counsel's good faith opinion the withheld material is exempt from disclosure.*

The parties shall meet and confer with regard to a schedule for defendants' further production and revised motion for summary judgment.

**IT IS SO ORDERED.**