**Michael Ben GRAVES, Plaintiff— Appellant,**

v.

**U.S. EQUAL EMPLOYMENT OPPOR- TUNITY COMMISSION, EEOC; et al., Defendants—Appellees.**

No. 04–55845.

D.C. No. CV–02–06842–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Michael Ben Graves, Los Angeles, CA, pro se.

Jan L. Luymes, USLA—Office of the U.S. Attorney Civil & Tax Divisions, Patrick J. Cain, Rodi Pollock Pettker Galbraith and Cahill, Los Angeles, CA, for Defendants—Appellees.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Michael Ben Graves appeals pro se the district court's judgment in favor of the Equal Employment Opportunity Commission ("EEOC") and other federal and non-federal defendants in his action alleging violations under the Freedom of Information Act ("FOIA"), employment discrimination, retaliation, fraud, and conspiracy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *See Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997). In a FOIA case, we review the grant of summary judgment first to confirm that an adequate factual basis supports the district court's ruling and, second, to ensure that if such a basis exists, the ruling is not clearly erroneous. *See Frazee v. United States Forest Serv.*, 97 F.3d 367, 370 (9th Cir.1996). We may affirm on any ground supported by the record. *See United States v. Lewis County*, 175 F.3d 671, 679 (9th Cir.1999). We affirm.

We affirm summary judgment in favor of non-federal defendants, AdvanceMed Corporation and DynCorp, for the reasons set forth in the district court's order entered on December 4, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly granted summary judgment in favor of the federal defendants with respect to Graves's FOIA claims. *See Bowen v. FDA*, 925 F.2d 1225, 1227 (9th Cir.1991) (reasonably detailed affidavits are sufficient to establish that documents are within FOIA exemption category); *see also Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir.1995) (reasonable search for responsive records satisfies FOIA).

Moreover, Graves's procedural challenges to the district court proceedings are unavailing. The district court did not abuse its discretion in denying Graves's requests for discovery, recusal, or costs. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002) (district court has broad discretion in deciding whether to permit discovery); *Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 933–34 (9th Cir.2002) (denying recusal motion where there was no indication that sitting judge had such deep-seated antagonism as to render impossible a fair judgment).

Graves's remaining contentions lack merit.

Graves's motion to correct the docket to reflect that the Joint Reporting Committee remains a party on appeal is granted. The clerk is directed to correct the docket to reflect that the Joint Reporting Committee is a defendant-appellee.

All remaining pending motions are denied.

**AFFIRMED.**