**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER POTOTSKY,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>        Defendants - Appellees. | No. 09-15247<br><br>D.C. No. 4:07-cv-00144-DCB<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Pototsky's request for oral argument is denied.

IL/RESEARCH

09-15247

Peter Pototsky appeals pro se from the district court's summary judgment for the Department of Homeland Security in his action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA") and the Privacy Act, 5 U.S.C. § 552a, *et seq*. ("Privacy Act"), seeking redacted material and relief in connection with an encounter Pototsky, an airplane pilot, had with employees of the United States Customs and Border Patrol. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact, and de novo its conclusions of law regarding the applicability of a FOIA exemption. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135 (9th Cir. 2008). We affirm.

The district court did not clearly err by concluding Exemption 7 applies. The redacted material "could reasonably be expected to constitute an unwarranted invasion of personal privacy" and "would disclose techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7), (C) and (E); *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1047-48 (9th Cir. 1999) (affirming summary judgment under Exemption 7(C) even though the individuals' names had already been disclosed in earlier publicity); *Bowen v. U.S. Food and Drug Admin*., 925 F.2d 1225, 1228-29 (9th Cir. 1991) (affirming summary judgment under Exemption 7(E) because requested information would compromise future law enforcement

investigations); *see also Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1088 (9th Cir. 2002) (stating that whether disclosure of the requested information would reveal anything about the agency's decisional process "is a fact-based inquiry where deference to the district court's findings is appropriate.") (citation and internal quotation marks omitted).

The district court did not clearly err by concluding that Pototsky failed to exhaust administrative remedies under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(A); *Hewitt v. Grabicki*, 794 F.2d 1373, 1377-78 (9th Cir. 1986) (denying Privacy Act claim for failure to exhaust administrative remedies).

**AFFIRMED.**