**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>      Defendant-Appellant,<br><br>and<br><br>SIKORSKY AIRCRAFT CORPORATION,<br><br>      Intervenor-Defendant. | No.  15-15120<br><br>D.C. No. 3:14-cv-02166-WHA<br><br>MEMORANDUM[*] |
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, | No.  15-15121<br><br>D.C. No. 3:14-cv-02166-WHA |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                    Defendant,

  and

SIKORSKY AIRCRAFT
CORPORATION,

            Intervenor-Defendant-
            Appellant.
```

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 14, 2016
San Francisco, California

Before: KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

The U.S. Department of Defense (the Department) and Sikorsky Aircraft

Corporation (Sikorsky) appeal the district court's order requiring the production of

Sikorsky's entire Comprehensive Small Business Subcontracting Plan under the

Freedom of Information Act (FOIA). We review the ruling below de novo, *Animal*

*Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016)

(en banc) (per curiam), and conclude that the district court erred in holding that

none of the information currently redacted from the Plan is protected from

disclosure under Exemption 4 or Exemption 6 of FOIA.

**1.** Exemption 4 assures companies doing business with the government that their "trade secrets and commercial or financial information [that is] privileged or confidential" will not be revealed to third parties. 5 U.S.C. § 552(b)(4). Commercial information is considered "confidential" if "there is (1) actual competition in the relevant market, and (2) a likelihood of substantial competitive injury if the information were released." *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (citing *G.C. Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1113 (9th Cir. 1994)), *overruled on other grounds by Animal Legal Def. Fund*, 836 F.3d at 989. The government need not show, however, that disclosure would cause "actual competitive harm." *Id.* (quoting *G.C. Micro Corp.*, 33 F.3d at 1113).

The Department at least created a genuine issue of fact as to whether most of its redactions qualified for Exemption 4. The Department submitted a declaration from Sikorsky's director of supply management (1) identifying the entities with which Sikorsky competes for government defense contracts and (2) averring that those entities could use the redacted information to gain a significant competitive advantage over Sikorsky. Nothing more is required to gain protection from disclosure under Exemption 4, and the district court erred in ruling otherwise. *See G.C. Micro Corp.*, 33 F.3d at 1111 (indicating that information similar to the

3

redacted information here would be subject to Exemption 4); *Bowen v. U.S. Food & Drug Admin.*, 925 F.2d 1225, 1227–28 (9th Cir. 1991) (holding that an affidavit with the following description of sensitive information was sufficiently specific to trigger Exemption 4: "trade secret information regarding the manufacturing formulas and processes, as well as quality control and internal security measures, of private business entities").

**2.** The Department also created a genuine issue of fact as to whether the remaining redactions, which encompass Sikorsky employees' business contact information and signatures, were proper under Exemption 6. *See* 5 U.S.C. § 552(b)(6). Although the employees' privacy interests in that information are small, they are not trivial because culprits could use the information for such purposes as harassment or forgery. *See Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 639 F.3d 876, 887–88 (9th Cir. 2010). We can identify no countervailing public interest sufficient to justify disclosure in these circumstances, especially since the Department already disclosed the names of all employees mentioned in the Plan. *See id.*

**REVERSED.**