NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY ALLEN FRANKLIN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> U.S. DRUG ENFORCEMENT ADMINISTRATION; KATHERINE L. MYRICK, DEA, <br><br> Defendants-Appellees. | No. 16-55570 <br><br> D.C. No. 2:14-cv-03701-CBM-KK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Gregory Allen Franklin, a California state prisoner, appeals pro se from the

district court's summary judgment in his Freedom of Information Act ("FOIA")

action arising out of his request for investigative information related to himself and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decedent Grover Tinner. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). We affirm.

The district court properly granted summary judgment because Franklin failed to raise a genuine dispute of material fact as to whether defendants did not conduct a reasonable search for responsive documents or whether defendants did not establish that the redactions on the documents fell within a FOIA exemption category. *See Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (setting forth requirements for demonstrating adequacy of search for documents); *Bowen v. Food & Drug Admin.*, 925 F.2d 1225, 1227 (9th Cir. 1991) (reasonably detailed affidavits are sufficient to establish that documents are within FOIA exemption category). Contrary to Franklin's contention, the district court did conduct an *in camera* review of the unredacted documents.

The district court did not abuse its discretion in granting defendants' motion for a protective order, precluding Franklin from conducting discovery absent leave of court. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (citation and internal quotation marks omitted)).

**AFFIRMED.**