Filed 6/8/23 Housley v. Los Angeles Times Communications CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| ARIK HOUSLEY et al., | 2d Civ. No. B322230 |
| Appellants, | (Super. Ct. No. 56-2019-00523492-CU-WM-VTA) |
| v. | (Ventura County) |
| LOS ANGELES TIMES COMMUNICATIONS, LLC, et al., | |
| Respondents. | |
| COUNTY OF VENTURA, | |
| Real Party in Interest. | |

Appellants are relatives of the eleven civilian victims of the 2018 shooting at Borderline Bar & Grill in Thousand Oaks.[1]

---

[1] Appellants include: Arik and Hannah Housley, parents of Alaina Maria Housley; Lorrie and Dan Dingman, parents of Blake Dingman; Cheryl Gifford-Tate, mother of Cody Coffman; Elsa and Mario Manrique, parents of Dan Manrique; Laura Lynn

They challenge a trial court order denying their motion for a preliminary injunction forbidding Real Party in interest County of Ventura (County) from releasing their relatives' autopsy reports pursuant to the California Public Records Act (CPRA). (Gov. Code, § 7921.000 et seq.)[2]  Respondents are media organizations requesting disclosure.[3]

The trial court found appellants were not likely to establish at trial that they held a constitutional right to privacy in the autopsy reports.  We agree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A recitation of the underlying facts is set forth in our prior opinion in this case.  (See *Los Angeles Times Communications, LLC v. Housley* (April 6, 2022, B310585) [nonpub. opn.] (*Housley I*).)  We summarize them briefly here.

Ian Long shot and killed eleven patrons of Borderline Bar and Grill on the night of November 7, 2018.  Sergeant Ron Helus

---

and Roger Meek, parents of Justin Meek; Martha and Michael Morisette, parents of Kristina Morisette; Theri Ramirez, Mark Meza, Sr., and Kelly Marsh, parents of Mark Meza, Jr.; Fran Adler, wife of Sean Adler; and Susan Schmidt-Orfanos and Marc Orfanos, parents of Telemachus Orfanos.

[2] The Legislature renumbered and reorganized the CPRA effective January 1, 2023.  (Assembly Bill No. 473 (2021-2022 Reg. Sess.).)  The amendments were "entirely nonsubstantive in effect."  (Gov. Code, § 7920.100.)  All further unlabeled statutory references are to the Government Code.

[3] Respondents include:  Los Angeles Times Communications, LLC, owner of the Los Angeles Times newspaper; The Associated Press; and Scripps NP Operating, LLC, publisher of the Ventura County Star newspaper.

of the Ventura County Sheriff's Office died from gunshot wounds he suffered after entering Borderline and confronting Long. Long committed suicide shortly after exchanging fire with Helus, bringing the death toll to thirteen.

Respondents requested autopsy reports for Long, Helus, and the eleven civilian victims under CPRA. The County initially declined the request based on CPRA's exemption for records of ongoing law enforcement investigations. (Former § 6254, subd. (f).) Respondents and other news organizations sued to compel disclosure (CPRA action).[4] The County released the reports for Long and Helus but kept the civilian victims' reports confidential while the District Attorney's Office and Sheriff's Office completed their investigations. As the investigations neared completion, appellants sued to enjoin the County from disclosing the remaining reports (reverse CPRA action).[5] The trial court later consolidated the CPRA and reverse CPRA actions with a third case involving disclosure of Borderline-related records possessed by the Sheriff's Office.[6]

---

[4] *Los Angeles Times Communications, LLC et al. v. County of Ventura* (Super. Ct. Ventura County, 2019, No. 56-2019-00527063-CU-WM-VTA).

[5] *Housley et al. v. County of Ventura* (Super. Ct. Ventura County, 2020, No. 56-2020-00542567-CU-MC-VTA).

[6] The order designated *Ventura County Deputy Sheriff's Association v. County of Ventura* (Case No. 56-2019-00523492) as lead case in the consolidated action. That case was the subject of an earlier, unrelated writ proceeding in *Howeth v. Superior Court* (Case No. B298858) and an appeal in *Ventura County Deputy Sheriff's Association v. County of Ventura* (Case No. B300006). The Ventura County Deputy Sheriff's Association is not a party to this appeal.

While the CPRA action was pending, a state legislator introduced a bill expanding the right to request sealing of a deceased family member's autopsy report.[7]  The court granted appellants' motion for a preliminary injunction and directed the County to withhold disclosure while the legislature considered the bill.  We held in *Housley I* that the court erred.[8]  Appellants renewed their motion for a preliminary injunction on remand.  This time the trial court denied the motion, finding appellants were not likely to establish a constitutional right of privacy in the reports at trial.  They appealed.  (Code Civ. Proc., § 904.1, subd. (a)(3).)  On September 14, 2022, we granted appellants' petition for writ of supersedeas staying the County's release of records pending resolution of this appeal.[9]

## DISCUSSION

### Standard of Review

A trial court considers two factors when deciding a motion for preliminary injunction:  "'(1) the likelihood that the plaintiff will prevail on the merits of its case at trial, and (2) the interim harm that the plaintiff is likely to sustain if the injunction is denied as compared to the harm that the defendant is likely to suffer if the court grants a preliminary injunction.  [Citation.]'" (*Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1177; see Code Civ. Proc., § 526, subd. (a).)  A reviewing court does not disturb the decision absent abuse of discretion as to both factors.  (*Cohen v. Board of*

---

[7] Assembly Bill No. 268 (2021-2022 Reg. Sess.).

[8] We granted appellants' unopposed request for judicial notice of the appendix filed in *Housley I*.  (Evid. Code, § 452, subd. (d).)

[9] The County takes no position on the merits of this appeal.

4

*Supervisors* (1985) 40 Cal.3d 277, 286-287.) Only the first is at issue in this appeal.

The parties do not dispute the facts on which the trial court ruled. Whether appellants possess a constitutional right to privacy prohibiting the autopsy reports' disclosure is therefore a question of law reviewed de novo. (See *Marken v. Santa Monica-Malibu Unified School Dist.* (2012) 202 Cal.App.4th 1250, 1261 (*Marken*), citing *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 408-409 ["if the 'likelihood of prevailing on the merits' factor depends upon the construction of a statute or another question of law, rather than evidence to be introduced at trial, our review of that issue is independent or de novo"].)

### *Reverse CPRA Actions*

CPRA furthers the constitutional aims of open governance and transparency. (Cal. Const., art. I, § 3(b)(1) ["The people have the right of access to information concerning the conduct of the people's business, and, therefore, the . . . writings of public officials and agencies shall be open to public scrutiny"].) The public may inspect any public record so long as disclosure is not "prohibited by law" or subject to an exemption listed in CPRA. (§§ 7921.500, 7922.000.)[10]

Aims of open governance must on occasion yield to privacy rights. CPRA's preamble states as much: "In enacting this division, the Legislature, *mindful of the right of individuals to privacy*, finds and declares that access to information concerning the conduct of the people's business is a fundamental and

---

[10] The CPRA defines a "public record" as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (§ 7920.530, subd. (a).)

necessary right of every person in this state." (§ 7921.000, italics added.) Yet, CPRA "provides no mechanism for notifying such individuals of the requested disclosure and does not specifically authorize actions to prevent disclosure." (*City of Los Angeles v. Metropolitan Water Dist. of Southern California* (2019) 42 Cal.App.5th 290, 297.) Courts permit "reverse" CPRA actions to fill this gap by providing a forum "in which a party adversely affected by the disclosure can challenge the lawfulness" of an agency's response. (*Marken*, *supra*, 202 Cal.App.4th at p. 1267.) A plaintiff seeking to prevent disclosure "must establish that . . . disclosure 'is otherwise prohibited by law.'" (*Id.* at p. 1270, quoting former § 6254, now § 7921.500.) It is not enough to show one or more CPRA exemptions might apply. The discretion to invoke an exemption lies with the agency presented with the request. (See *Marken,* at p. 1262 [CPRA's exemptions "are permissive, not mandatory:  They allow nondisclosure but do not prohibit disclosure"].)

*Right to Privacy in Autopsy Reports*

Appellants contend the County is prohibited by law from disclosing autopsy reports because appellants have a constitutional right to privacy in those reports. They invoke the traditional interest of surviving family members "in honoring and mourning their dead and objecting to unwarranted public exploitation that, by intruding upon their own grief, tends to degrade the rites and respect they seek to accord to the deceased person who was once their own." (*Nat'l Archives and Records Admin. v. Favish* (2004) 541 U.S. 157, 168 [158 L.Ed.2d 319].) Appellants cite authorities affirming the decisions of agencies to withhold not just graphic excerpts or images from disclosure, but entire autopsy reports when doing so would impinge on the privacy rights of surviving family members. (*Bowen v. U.S. Food & Drug Admin* (9th Cir. 1991) 925 F.2d 1225; *Badhwar v. United*

6

*States Dept. of Air Force* (D.C. Cir. 1987) 829 F.2d 182; *Wolk Law Firm v. United States NTSB* (E.D. Pa. 2019) 392 F.Supp.3d 514.)

Appellants justifiably fear the details of their loved ones' violent deaths being "strewn about the Internet and spit back at [them], accompanied by hateful messages" from the conspiracy theorists and trolls attracted to mass tragedies like moths to a flame. (*Catsouras v. Department of California Highway Patrol* (2010) 181 Cal.App.4th 856, 863.) We do not question the sincerity of their objections to disclosure or the depth of their grief. Any individual right to privacy in the reports, however, must coexist with the public's fundamental "right of access to information concerning the conduct of the people's business." (Cal. Const., art. I, § 3, subd. (b)(1).)

Appellants' authorities hold that an agency may withhold autopsy records when doing so violates the privacy rights of surviving family members. Whether the County "may" withhold the reports here is not disputed. The CPRA grants agencies great discretion to balance access and privacy rights when responding to information requests. (See §§ 7927.700 [agencies may withhold "personnel, medical, or similar files" if disclosure "would constitute an unwarranted invasion of personal privacy"]; 7927.705 [CPRA does not require disclosure of records exempted or prohibited from disclosure under "federal or state law"].)[11]

---

[11] The First District recently addressed this balancing function *Edais v. Superior Court* (2023) 87 Cal.App.5th 530. Appellant parents sought to compel disclosure of their son's autopsy records to a private forensic expert hired by them to investigate their son's death. The coroner withheld disclosure because the son's widow did not consent. *Edais* concluded wife's privacy interest in the records did not outweigh the public's interest in access and ordered disclosure. (*Id.* at p. 546.)

7

This appeal concerns a *reverse* CPRA action. The County's balancing of rights is not the subject of review. We consider only whether appellants demonstrate the County is "prohibited by law" from disclosing the reports. They do not.

California has long considered autopsy reports public records. (*People v. Williams* (1959) 174 Cal.App.2d 364, 390; *Walker v. Superior Court* (1957) 155 Cal.App.2d 134, 138-139.) Statutory exceptions exist, such as those applying to postmortem and autopsy photos "taken by or for the coroner," which officials may disseminate only in specific circumstances. (§ 7930.180, citing Code Civ. Proc., § 129; see *Edais v. Superior Court*, *supra*, 87 Cal.App.5th 530 [section 129 did not prevent disclosure of autopsy photos to private forensic examiner retained by deceased's parents].) In addition, the legislature criminalized disseminating postmortem images collected by paramedics, coroners, and other first responders when it enacted The Kobe Bryant Act of 2020. (Penal Code, §§ 647.9, 1524.)[12] "[W]e know of no comparable statute protecting [the non-photographic] documents" at issue here. (*Edais*, at p. 545.) "This is not to say that surviving family members retain no privacy interest in a document such as the [autopsy reports], but any such interest is somewhat diminished, as compared to graphic and unsettling images of the deceased." (*Ibid.*) The trial court correctly declined to expand these statutory prohibitions by judicial fiat to non-photographic elements of autopsy reports when the legislature

---

[12] The Kobe Bryant Act followed the scandal over photos leaked by first responders of the helicopter crash that killed retired basketball star Kobe Bryant, his daughter Gianna, and seven others in January of 2020. (Assembly Bill No. 2655 (2019-2020 Reg. Sess.)

has declined to do so as well.[13]  The common law privacy rights invoked by appellants may properly factor into the County's decision to withhold the reports in whole or in part, but do not, as appellants insist, nullify the access rights enshrined in our state's constitution and CPRA.[14]

## DISPOSITION

The order denying appellants' motion for preliminary injunction is affirmed.  Our order of September 14, 2022, staying the County's release of records will dissolve upon issuance of the remittitur.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P.J.          YEGAN, J.

---

[13] See also Penal Code section 832.7 subdivision (b) expressly stating "records maintained by a state or local agency," including "autopsy reports" are not confidential and "shall be made available for public inspection pursuant to the [CPRA]" if they relate to the "report, investigation or findings" of an "incident involving the discharge of a firearm at a person by a peace officer."

[14] Appellants argue the trial court should have directed the County to make certain determinations, such as the need for redactions, before releasing the autopsy reports.  This issue is beyond the scope of this appeal.  We address only the denial of the motion for a preliminary injunction.

Mark S. Borrell, Judge
Superior Court County of Ventura
_____

Flesher Schaff & Schroeder, Jacob D. Flesher; Steptoe & Johnson, Alice E. Loughran, for Appellants.

Law Offices of Kelly A. Aviles, Kelly A. Aviles and Shaila Nathu; Los Angeles Times Communications, and Jeffrey D. Glasser, for Respondents, Los Angeles Times Communications LLC, The Associates Press, and Scripps NP Operating, LLC, publisher of the Ventura County Star.

Claudia Y. Bautista, Ventura County Public Defender, and Michael C. McMahon, Senior Deputy Public Defender, for Intervener and Respondent Ventura County Public Defender's Office.

Tiffany N. North, County Counsel, and Emily T. Gardner, Principal Assistant County Counsel, for Real Parties in Interest County of Ventura.